UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARONDREI HAROLD ABEL-BEY,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>Respondent. | No. 2:20-cv-0041 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner stands convicted of first-degree murder from the Superior Court of Sacramento County. On April 13, 2012, petitioner was sentenced to 25 years-to-life imprisonment with an additional year added pursuant to a use of weapons enhancement. ECF No. 14-1. Respondent has filed a motion to dismiss the petition as time-barred.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

>   States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner appealed to the California Court of Appeal where his conviction and sentence were affirmed. ECF No. 14-2. Petitioner sought review of that decision in the California Supreme Court and his request for review was denied on July 31, 2013. ECF No. 14-4.

With respect to a California criminal conviction for which defendant appealed and then sought review of the denial of the appeal in the California Supreme Court, direct review concludes pursuant to § 2244(d)(1)(A) when time expires for petitioner to file a petition for writ of certiorari in the United States Supreme Court concerning the denial of the petition for review. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir.1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Here, that date was October 29, 2013. Petitioner's petition for writ of habeas corpus was not submitted to this court until December 31, 2019 (ECF No. 1 at 70),[1] well after the limitations period for this action expired.

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While petitioner challenged his conviction and sentence through California post-conviction proceedings, all such challenges were filed after the limitations period applicable to this action expired. ECF No. 14 5-10. Accordingly, there was no limitations period to toll.

/////

---

[1] Under Houston v. Lack, 487 U.S. 266, 270 (1988), court documents submitted by prisoners are generally considered filed on the day the document is submitted to a prison official for mailing.

Petitioner suggests there is no limitations period with respect to his claims. The Supreme Court has never found the limitation period inapplicable to any particular claim. The only instance in which the Supreme Court has found that a federal habeas petitioner may have otherwise time-barred claims heard is if a credible showing of "actual innocence" is made. McQuiggin v. Perkins, 569 U.S. 383, 393 (2017). A credible showing of "actual innocence" occurs when a prisoner shows that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 399. The new evidence must be "reliable." Schlup v. Delo, 513 U.S. 298, 324 (1995). "New" and "reliable' evidence" might include "exculpatory scientific evidence," "trustworthy eyewitness accounts," or "critical physical evidence." Id. "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner's claims are based upon legal interpretation and not new evidence. There is no allegation of factual innocence presented by petitioner.

For all of the foregoing reasons, the court will recommend that respondent's motion to dismiss be granted and petitioner's petition for a writ of habeas corpus be dismissed as time-barred.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. Petitioner's petition for a writ of habeas corpus be dismissed as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

3

appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
abel0041.sol